```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

ROY F. EDMUND, on behalf of himself
and those similarly situated,

            Plaintiff,

vs.                                  Case No.  2:10-cv-474-FtM-29SPC

CITY OF FORT MYERS,

            Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendant City of Fort Myers' Motion to Dismiss (Doc. #35) filed on October 13, 2011, seeking to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Plaintiff Roy F. Edmund ("Plaintiff" or "Edmund") filed a Response on October 27, 2011. (Doc. # 40).  For the reasons discussed below, the motion is denied.

**I.**

Edmund was hired by the City of Fort Myers, Florida as an Irrigation Technician on or about April 21, 2005.  (Doc. #1, ¶18.) Plaintiff claims that at various times he worked in excess of forty (40) hours within a work week.[1]  Despite his overtime work, he claims he was not compensated at a rate of one and one-half times

---

[1] It is unclear from the Complaint whether Edmund remains employed with the City of Fort Myers.

his regular rate.  Edmund further asserts that defendant failed to maintain proper time records.

Edmund filed a one-count Complaint (Doc. #1) on his behalf and on behalf of other employees and former employees similarly situated, seeking a declaration that the City of Fort Myers violated the Fair Labor Standards Act ("FLSA").  The Complaint further seeks an award of overtime compensation, liquidated damages, attorneys' fees, pre-judgment interest, and an order authorizing plaintiff to send notice of his lawsuit to all similarly situated Irrigation Technicians employed by the City of Fort Myers within the past three (3) years.

## II.

The City of Fort Myers ("the City") seeks to dismiss the Complaint for lack of subject matter jurisdiction. Specifically, the City contends that it is a municipal corporation of the State of Florida, and as such is a "sovereign" which under the Eleventh Amendment to the United States Constitution cannot be sued in federal court.  The City also relies on "common law" (Doc. #35, p. 4), although it cites no case purporting to apply common law sovereign immunity.  In response, Edmund asserts that defendant's motion to dismiss is frivolous because the Eleventh Amendment does not apply to municipalities.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent."  Va. Office for Prot. & Advocacy v.

-2-

Stewart, 131 S. Ct. 1632, 1637 (2011). A component of this sovereign immunity is set forth in the Eleventh Amendment to the Constitution, which provides that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend XI. Despite its language, it is well settled that the Eleventh Amendment bars suits brought in federal courts by a state's own citizens as well as by citizens of another state. Williams v. Bd. of Regents of Univ. Sys., 441 F.3d 1287, 1303 (11th Cir. 2006); Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., 421 F.3d 1190, 1192 (11th Cir. 2005).

The Eleventh Amendment applies not only to the State, but to a state agency which is an arm of the state. Williams, 421 F.3d at 1192. "Whether an agency qualifies as an arm of the state is a federal question with a federal standard, but whether that standard is met is determined by carefully reviewing how the agency is defined by state law." Versiglio v. Bd. of Dental Exam'rs, 651 F.3d 1272, 1273 (11th Cir. 2011). The Eleventh Amendment does not apply to municipalities, counties, or other political subdivisions of the state. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); Robinson v. Georgia Dep't of Transp., 966 F.2d 637, 638 (11th Cir. 1992). Indeed, an "arm of the state" is typically contrasted with a county or municipality, which are not

entitled to Eleventh Amendment protection. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 430 n.5 (1997) ("Ultimately, of course, the question whether a particular state agency has the same kind of independent status as a county or is instead an arm of the State, and therefore 'one of the United States' within the meaning of the Eleventh Amendment, is a question of federal law. But that federal question can be answered only after considering the provisions of state law that define the agency's character."); Tuveson v. Fla. Governor's Council on Indian Affairs, Inc., 734 F.2d 730, 732 (11th Cir.1984) ("The state law provides assistance in ascertaining whether the state intended to create an entity comparable to a county or municipality or one designed to take advantage of the state's Eleventh Amendment immunity."); Versiglio, 651 F.3d at 1273 ("But if a state creates an institution in such a way that gives it independence, '[w]hatever may have been the state's reason for doing it [that] way, it must live with the consequences. It cannot claim an immunity based on a condition which it itself sought to avoid'", quoting Williams v. Eastside Mental Health Ctr., Inc., 669 F.2d 671, 678 (11th Cir.1982)).

In Florida, a municipality has broad home rule and police powers, City of Aventura v. Masone, -- So. 3d --, 2011 WL 5964359 (Fla. Dist. Ct. App. Nov. 30, 2011), and is not an "arm" of the State of Florida entitled to Eleventh Amendment protection. Cooper v. Dillon, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005)("As a

municipality, pursuant to Florida law, Key West is not insulated from suit in this case by sovereign immunity under the Eleventh Amendment.")  See <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 70 ("States are protected by the Eleventh Amendment while municipalities are not ....") (citing <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 n.54 (1978))."))  As such, the City of Fort Myers's motion is without merit.

Accordingly, it is now

**ORDERED**:

Defendant City of Fort Myers' Motion to Dismiss (Doc. #35) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of December, 2011.

                                              JOHN E. STEELE
                                              United States District Judge

Copies: Counsel of record